UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARBELLA CALVILLO, and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiff,

v.

AMERICAN LOGOWEAR & PROMOTIONAL
PRODUCTS, LLC, a Florida limited liability
company, and KEITH H. TREIBER, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Marbella Calvillo ("Calvillo"), on behalf of herself and all others similarly situated under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, American Logowear & Promotional Products, LLC ("ALPP") and Keith H. Treiber, individually ("Treiber") (collectively referred to as the "Employer") and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

2. At all material times, ALPP is a Florida corporation, authorized to conduct and conducting business in Broward County, Florida.

3. At all material times, Plaintiff is and was a resident of Broward County, Florida.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

5. This action is brought by Plaintiff to recover from the Employer unpaid minimum and overtime wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207, and the FMWA Fla. Stat. §448.110 and Fla. Const. Art. 10 § 24.

6. Upon information and belief, the annual gross revenue of ALPP was at all times material hereto in excess of $500,000.00 per annum.

7. At all material times hereto, ALPP was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, ALPP operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by ALPP, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, ALPP is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

11. Plaintiff and those similarly-situated employees, regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

## GENERAL ALLEGATIONS

12. Upon information and belief, Employer employed Plaintiff from approximately April, 2002 through March 9, 2015 ("the relevant time period").

13. During the relevant time period, Plaintiff was employed as a machine operator, earning an average of $12.00 per hour.

14. Upon information and belief, Treiber is an officer/director of ALPP and has economic control of ALPP, and of the nature and structure of Plaintiff's employment relationship with ALPP.

15. At all material times, ALPP's gross annual revenues were in excess of $500,00.00

16. Throughout her employment with ALPP, Plaintiff worked an average of seventy (70) hours per week, forty (40) regular hours and thirty (30) overtime hours during the months of May through October.

17. Employer willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime rate for the overtime hours she worked.

18. Employer knew of the overtime requirements of the Fair Labor Standards Act and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

19. As a result, Plaintiff has suffered damages and is entitled to receive overtime compensation.

20. Plaintiff has complied with all conditions precedent to filing this action.

21. Plaintiff had retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

22. On May 1, 2015, Plaintiff through her undersigned counsel, sent to the Employer a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Employer failed/refused to do so ("Demand"). A copy of the Demand is attached as "**Exhibit A**".

## COUNT I -
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## AGAINST AMERICAN LOGOWEAR & PROMOTIONAL PRODUCTS, LLC

23. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

24. This is a collective action against ALPP for overtime compensation pursuant to 29 U.S.C. § 216(B).

25. Upon information and belief, ALPP has employed several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint,

26. During the relevant time period, during the months of May through October, Plaintiff routinely worked in excess of forty (40) hours per week for ALPP. Specifically, Plaintiff estimates that she worked thirty (30) hours of overtime per week for ALPP.

27. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

28. ALPP knew or should have known that Plaintiff suffered or was permitted to work overtime for ALPP as defined in 29 U.S.C. § 203 (g).

29. ALPP failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which she was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

30. At all material times, ALPP knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

31. At all material times, ALPP failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## COUNT II - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST KEITH H. TREIBER

32. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

33. This is a collective action against Treiber for overtime compensation pursuant to 29 U.S.C. § 216(B).

34. Upon information and belief, Treiber currently employs and has employed several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three years from the filing of this Complaint.

35. Defendant, Keith H. Treiber, had operational control of Plaintiff and is therefore and employer pursuant to 29 U.S.C. § 203(d).

36. During the relevant period of time, during the months of May through October, Plaintiff routinely worked in excess of forty (40) hours per week for Treiber. Specifically, Plaintiff estimates that she worked thirty (30) hours of overtime per week for Treiber.

37. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one half for all hours worked in excess of forty (40) hours per week.

38. Treiber knew or should have known that Plaintiff suffered or was permitted to work overtime for Employer as defined in 29 U.S.C. §203 (g).

39. Treiber failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which she was employed, contrary to the provisions of 29 U.S.C. §207 (a).

40. At all material times, Treiber knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

41. At all material times, Treiber failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## COUNT III-
## UNPAID WAGES PURSUANT TO FLORIDA COMMON LAW
## AGAINST AMERICAN LOGOWEAR & PROMOTIONAL PRODUCTS, LLC.

42. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

43. During the relevant time period, Plaintiff regularly worked forty (40) hours per week for ALPP.

44. Notwithstanding, ALPP routinely failed/refused to pay to Plaintiff for the forty (40) hours worked.

42. Instead, ALPP routinely paid Plaintiff twenty-five (25) hours per week instead of the forty (40) hours she worked for ALPP.

43. ALPP was unjustly enriched by the Plaintiff's work that she performed on its

behalf without proper compensation

44.     ALPP is obligated to pay Plaintiff's wages and attorney's fees pursuant to Fla. Stat. § 448.08.

**COUNT IV-**
**MINIMUM WAGE VIOLATION (PROMPT PAYMENT)**
**AMERICAN LOGOWEAR & PROMOTIONAL PRODUCTS, LLC.**

45.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

46.     The FLSA as well as the Florida minimum wage law requires that ALPP pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 203(m); F.S. § 448.10. The FLSA and Florida Minimum Wage laws require that ALPP, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc*., 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

47.     ALPP knew of and showed reckless disregard for the provisions of the FLSA because ALPP knew or should have known Plaintiff's work schedule and the amount of hours Plaintiff worked per week, the work Plaintiff performed and ALPP's obligation to pay minimum wages to Plaintiff and that ALPP's payments fell below the required minimum wage rates.

48.     ALPP willfully and intentionally failed to pay Plaintiff and those similarly-situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

49. ALPP's failure to have a regular pay period and/or make prompt payments constituted a minimum wage violation. Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date her wages were due.

50. ALPP did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

## COUNT V
## MINIMUM WAGE VIOLATION
## (PROMPT PAYMENT) AGAINST KEITH H. TREIBER

51. Plaintiff re-alleges the allegations contained in paragraphs one (1) through twenty-two (22) above.

52. The FLSA as well as the Florida minimum wage law requires that Treiber pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 203(m); F.S. § 448.10. The FLSA and Florida Minimum Wage laws require that Employer, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc*., 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

53. Treiber knew of and showed reckless disregard for the provisions of the FLSA because Treiber knew or should have known Plaintiff's work schedule and the amount of hours Plaintiff worked per week, the work Plaintiff performed and Treiber's obligation to pay minimum wages to Plaintiff and that Treiber's payments feel below the required minimum wage rates.

54. Treiber willfully and intentionally failed to pay Plaintiff and those similarly-

situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage rages for all of Plaintiff's hours worked per week.

55. Treiber's failure to have a regular pay period and/or make prompt payments constituted a minimum wage violation. Thus, Plaintiff is entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date her wages were due.

56. Treiber did not have a reasonable objective belief that he was not required to pay Plaintiff's minimum wages.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

57. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Marbella Calvillo, respectfully requests that judgment be entered in her favor against Defendants, American Logowear & Promotional Products, LLC, and Keith H. Treiber, as follows:

(a) Declaring pursuant to 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, and overtime compensation for all hours that she worked for Defendants over forty (40) hours per week, but for which she was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and Section 448.08, of the Florida Statutes.

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 12th day of January, 2016.

By: /s/ Monica Espino
Florida Bar No. 834491

ESPINO LAW
Attorney for Plaintiff
2100 Coral Way, Suite 300
Miami, Florida 33145
Telephone:     (305) 704-3172
Facsimile:     (305) 722-7378
E-mail:     me@espino-law.com